J. F. STUARD *v.* WESTERN UNION TELEGRAPH CO.

[64 South. 835.]

1. TELEGRAPH AND TELEPHONES. *Errors in transmission. Damages. Laws* 1908, *chapter* 76.

An undisclosed principal of the addressee of a telegram has no right of action against a telegraph company by reason of any damage sustained by him because of an error in the transmission and delivery of such telegram.

2. SAME.

The rule here announced has not been modified by the use of the words "or the person injured" in section 1, chapter 76, Laws 1908.

APPEAL from the circuit court of Harrison county.

HON. T. H. BARRETT, Judge.

Suit by J. F. Stuard against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals.

This is an action by J. F. Stuard against the Western Union Telegraph Company for damages alleged to have been sustained by plaintiff because of a mistake in the transmission of a telegram. The court overruled a demurrer to defendant's special pleas, and, plaintiff declining to plead further, there was a judgment for defendant.

The plaintiff was an exporter of lumber and applied to the firm of Corry & Co., ships brokers, at Gulfport, Mississippi, to secure a vessel to transport a shipment

of lumber from Gulfport, Mississippi, to San Juan, Porto Rico. Corry & Co. immediately communicated by wire with Crowell & Thurlow, of Boston, Massachusetts, who wired Corry & Co., over the line of the defendant, that they could charter a vessel at the rate of six dollars, seventy-five cents per thousand cubic feet of ship space. When the message was delivered to Corry & Co., it read six dollars, twenty-five cents. Corry & Co. reported the price of six dollars, twenty-five cents to plaintiff, who wired his agents at Porto Rico quoting the price of the shipment of lumber based on the lower rate of six dollars, twenty-five cents, and, although the mistake was discovered before the vessel was loaded, plaintiff was unable to get another vessel and forced to pay the higher rate of six dollars, seventy-five cents, sustaining a loss of three hundred, twenty-four dollars by reason of the error in transmitting the message, for which amount he sued the telegraph company. His contention is that, since Corry & Co., the senders of the message, were his agents, therefore, since he has been damaged by the negligence of the telegraph company, he has the same right to sue for himself as if he were the addressee. The telegraph company contended that it owed no duty to an undisclosed principal of the addressee of a telegram.

*Leathers & Hardy,* attorneys for appellant.

*Bowers & Griffith,* attorneys for appellee.

Argued orally by *V. A. Griffith,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellee's connection with this telegram is, at most, simply that of an undisclosed principal of the addressee, and such an undisclosed principal has no right of action against a telegraph company by reason of any damage sustained by him because of an error in the transmission and delivery of the telegram. The reason why no such

right of action exists will be found fully set forth in *Western Union Telegraph Co.* v. *Schriver*, 141 Fed. 538, 72 C. C. A. 596, 4 L. R. A. (N. S.) 678.

The rule here announced has not been modified by the use of the words ''or the person injured'' in section 1, ch. 76, of the Laws of 1908.

*Affirmed.*