WESTERN UNION TELEGRAPH Co. *v.* LOWDEN. ·

[77 South. 145, Division A.]

TELEGRAPHS AND TELEPHONES. *Negligence. Parties who may recover. Undisclosed principal.*

An undisclosed principal cannot recover damages for the negligent failure of a telegraph company to promptly deliver a message to his agent.

Appeal from the circuit court of Bolivar county.
Hon. W. A. Alcorn, Judge.

Suit by F. O. Lowden against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. B. Harris,* for appellant.

*Sillers & Sillers* and *Robt. B. Mayes,* for appellee.

Holden, J., delivered the opinion of the court.

Appellee, Lowden, sued the appellant telegraph company for alleged losses sustained by him on account of negligence of the telegraph company in failing to promptly deliver a telegram to J. T. Crockett, who was the agent of appellee at South Bend, Ark. The telegram was sent by Humphrey & Company from Rosedale, Miss. On account of the failure to promptly deliver this message to Crockett, who was the agent of the appellee, F. O. Lowden, the cotton mentioned in the telegram was sold by Lowden at a loss of eight hundred and thirty-four dollars, for which amount a judgment was rendered in the lower court.

The appellant telegram company assigns several errors of the lower court upon which a reversal of the judgment is asked, but we deem it necessary to notice only one of the contentions presented here, as a decision of this point will settle the main controversy and end the case.

The record shows that the appellee, Gov. F. O. Lowden, was the undisclosed principal of the sendee, J. D. Crockett, to whom the telegram was addressed. The telegram in question was sent by Humphrey & Co. to the said Crockett, and dealt with the purchase by the former of one hundred and eighteen bales of long staple cotton. For the negligence in failing to deliver the telegram promptly to the sendee, Crockett, who was the agent for the appellee, Low-

den, there was a suit and recovery of two thousand two hundred dollars, by the sender, Humphrey & Co., against the appellant, Western Union Telegraph Company, which judgment was affirmed by this court and reported in 71 So. 880. The recovery in that case by the sender, Humphrey & Co., was for the failure to obtain the cotton mentioned in the telegram; and the present suit is by Lowden, undisclosed principal of sendee, Crockett, for the purpose of recovering damages for a failure to sell the cotton to Humphrey & Co., which is alleged to have been caused by the negligent failure of the telegraph company to promptly deliver the telegram.

The appellee, F. O. Lowden, being an undisclosed principal of the sendee, Crockett, cannot recover in this suit against the telegraph company for its negligence in failing to promptly deliver the message. This rule seems to be well settled, the reason for which rests upon a sound basis. The rule that the undisclosed principal cannot recover damages for the negligent failure of a telegraph company to promptly deliver a message to his agent is announced and established in this state in the case of *Stuard* v. *Western Union Telegraph Co.*, 106 Miss. 883, 64 So. 835. Also see *Western Union Telegraph Co.* v. *Schriver*, 141 Fed. 538, 72 C. C. A. 596, 4 L. R. A. (N. S.) at page 685, where it is said by the court:

"It is contended that because the telegraph company owes the duty of care to receive and transmit messages correctly to the addressees, to the senders, and to the undisclosed principals of the senders, it therefore owes it to the undisclosed principals of addressees. But the duty to the undisclosed principals of senders rests on the fact that contracts have been made between the senders and the telegraph company, and that in the negotiation and enforcement of contracts the law places undisclosed principals in the shoes of their agents, so that the telegraph company, which must know the law, is charged with notice,

and may reasonably anticipate that its misrepresentations may affect them. It has no contracts with addressees, and hence it is not charged by the law with notice that their undisclosed principals, or others to whom they may display the messages, will probably be affected by them."

Upon the facts in this case the lower court should have granted a peremptory instruction for the telegraph company, and for the error in failing to do so the judgment of the lower court is reversed, and judgment for the appellant entered here.

*Reversed and judgment here.*